**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CURTIS MCGRONE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1304-CR-347 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol J. Orbison, Judge
The Honorable Amy J. Barbar, Magistrate
Cause No. 49F25-0811-PC-248356

**November 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Curtis McGrone ("McGrone") challenges his forty-year aggregate sentence for Robbery, as a Class B felony,[1] and two counts of Criminal Confinement, as Class B felonies.[2] He presents the sole issue of whether his sentence is inappropriate. We affirm.

## Facts and Procedural History

On March 3, 2009, McGrone pleaded guilty to Count I, Robbery, as a Class B felony; Count II, Criminal Confinement, as a Class B felony; and Count III, Criminal Confinement, as a Class B felony. The same day, the trial court entered judgments of conviction and imposed sentences of twenty years for Count I; twenty years for Count II, to be run consecutively with Count I; and twenty years for Count III, to be run concurrently with Count II. This yielded an aggregate sentence of forty years.

On March 22, 2013, McGrone filed a motion seeking permission to file a belated notice of appeal, which the trial court granted on April 3, 2013. This appeal ensued.

## Discussion and Decision

A Class B felony carries a sentencing range between six and twenty years with an advisory sentence of ten years. I.C. § 35-50-2-5. While terms of imprisonment may be imposed consecutively, ordinarily the aggregate sentence for multiple felony convictions arising from a single episode of criminal conduct is limited by statute. I.C. § 35-50-1-2(c). However, the limitation generally does not apply where the defendant is convicted of a crime

---

[1] Ind. Code § 35-42-5-1.

[2] I.C. § 35-42-3-3.

of violence, such as Robbery as charged here, and another crime. I.C. §§ 35-50-1-2(a) & (c);

Ellis v. State, 736 N.E.2d 731, 737 (Ind. 2000). Therefore, assuming without deciding that

McGrone's convictions arose from a single episode of criminal conduct, as he contends, the

trial court could have imposed a maximum aggregate sentence of fifty years imprisonment.[3]

In sentencing McGrone, the trial court found as aggravating circumstances McGrone's

criminal history, and the nature and circumstances of the offenses. The trial court found as

mitigating circumstances that long-term incarceration would be a hardship on McGrone's

children, and that McGrone had accepted some responsibility for his actions by pleading

guilty.

McGrone claims that his sentence is inappropriate and asks that we revise it to an

aggregate term of twenty years.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution

permitting appellate review and revision of criminal sentences is implemented through

Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by

statute if, after due consideration of the trial court's decision, the Court finds that the

sentence is inappropriate in light of the nature of the offense and the character of the

offender." Under this rule, and as interpreted by case law, appellate courts may revise

sentences after due consideration of the trial court's decision, if the sentence is found to be

inappropriate in light of the nature of the offense and the character of the offender. Cardwell

---

[3] The trial court could have imposed a maximum aggregate sentence of thirty years for the convictions for Criminal Confinement, as Class B felonies. See I.C. §§ 35-50-1-2(c) & 35-50-2-4. In addition, the trial court could have imposed a sentence of twenty years for Robbery, as a Class B felony. See I.C. §§ 35-50-1-2(a) & (c).

v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

We turn first to the nature of the offenses. McGrone entered a bank while masked and wielding a gun; he bound multiple bank employees' hands and feet, and took money from the bank teller's drawer. This was sufficient to complete the acts of Robbery, as a Class B felony, and Criminal Confinement, as Class B felonies. However, McGrone then fled in a getaway car, and during the ensuing police chase collided with another vehicle, seriously injuring its driver, Delena Bond. McGrone's actions went beyond the acts of Robbery and Criminal Confinement. And to the extent McGrone argues that he should receive a lesser sentence because he was less responsible than his confederates for some of these acts, the acts of McGrone's confederates are imputed to McGrone as if he had committed them himself. See I.C. § 35-41-2-4; see also Herron v. State, 808 N.E.2d 172, 179 (Ind. Ct. App. 2004), trans. denied.

We turn next to the character of the offender. McGrone has a criminal record spanning almost two decades, including a conviction for Criminal Conversion, two convictions for Driving While Suspended, and a federal conviction for Armed Bank Robbery. Further, he has been arrested thirteen times. McGrone's behavior indicates that he harbors a general disregard for the law, an unwillingness to conform his behavior to acceptable standards, and an unwillingness to rehabilitate himself.

Therefore, having reviewed the matter, we conclude that the trial court did not impose

an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

Affirmed.

MAY, J., and BRADFORD, J., concur.